Argued and submitted August 29, reversed and remanded for new trial
December 12, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## GERALD STANLEY ROBINSON,
*Appellant.*

(T72623; CA A63860)

802 P2d 688

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Keith Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was convicted of driving under the influence of intoxicants. ORS 813.010. He seeks reversal on the ground that the trial court improperly excluded evidence. We reverse and remand.

The case was tried to the court, without a jury. Several state witnesses testified that, on January 6, 1989, the night of defendant's arrest, he had poor balance and was staggering. Defendant introduced evidence that on January 5, 1986, he had had a snowmobile accident and later had had extensive surgery on his right leg. The court, however, did not admit defendant's medical records from his operation.

Defendant claims, and the medical records support, that, because of the operation, he sustained a permanent shortening of his right leg that resulted in a limp; he argues that the limp can explain his apparent staggering at the time of his arrest. The trial court stated that, although it believed that defendant had an operation in 1986 and it had observed his limp at trial, it did not agree that one necessarily caused the other or that the limp necessarily existed at the time of arrest. The court then excluded the medical records as too remote.[1]

---

[1] This colloquy occurred:

COURT     "I'm convinced that [defendant] had an operation. I'm convinced that he has a limp — today. I do not see that I can find based on what I have here that the one necessarily causes the other. I'm convinced he had a substantial operation on his * * * leg.

COUNSEL     "Did it appear when you saw him limp that he favored the right leg?

COURT     "Yes.

COUNSEL     "All right. Our point is that that is the place where the operation was, and in March of 1986 he limped with the right leg.

COURT     "I have no argument with what you're saying.

COUNSEL:     "Okay.

COURT     "I think that the * * * exhibit is too remote in point of time for me to receive it for what you are offering it for. I haven't any problem that he limps today."

The parties dispute the actual phrasing of the judge's ruling. The state asserts that the judge actually said, "I think that the—um—value of it is too remote * * *," while defendant quotes the judge as saying, "I think that the, I think that the * * * that exhibit is too remote * * *." The tape is unclear as to the exact phrasing of the ruling. However, we need not resolve the conflict, because we would reach the same result under either version.

In deciding whether to exclude evidence as too remote,[2] a trial court must

> "assess the probative value of the proffered evidence, and * * * weigh the probative value against various considerations which may militate against admissibility, such as undue prejudice, introduction of collateral issues, consumption of undue time, or unfair surprise to the other party. * * * If the evidence has some probative value, but also presents difficulties such as those mentioned above, the judge must determine whether the value of the evidence outweighs, or is outweighed by, the offsetting considerations. We sometimes call the exercise of this kind of judgment 'discretion.' Its exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. * * * We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range." *Carter v. Moberly,* 263 Or 193, 200-201, 501 P2d 1276 (1972). (Citation and footnote omitted.)

We conclude that the trial court's decision in this case was not within the permissible range of its discretion.

In weighing probative value, the trial court should consider the importance and centrality of the evidence. Here, defendant's allegedly infirm physical condition was his principal defense. It was not a peripheral or collateral matter. The medical records went to the heart of establishing the defense. Relevant evidence should not be excluded, unless its admission is substantially outweighed by the possibility of unfair prejudice, confusion, undue delay or needlessly cumulative effect. OEC 403. Admission of the medical records would not have resulted in unfair prejudice, confusion or undue delay. Neither were they needlessly cumulative. Although the trial court accepted defendant's assertion that he limped *at trial,* it was not convinced that he limped *at the time of arrest.* The records were relevant to showing a connection between the operation and defendant's limp at the time of his arrest.

The medical records were also relevant to impeach the state's witnesses' testimony that defendant staggered but

---

[2] "Remoteness" is a term that has not expressly been incorporated into OEC 403; however, the rule provides the correct analysis for determining whether such evidence is admissible. *See* Kirkpatrick, *Oregon Evidence* 126 (2d ed 1989).

did not limp at the time of arrest. Defendant should have been permitted to introduce evidence that could discredit that testimony.

Reversed and remanded for a new trial.